STANDARD ELEVATOR INTERLOCK CO. v. RAMSAY et al.

(Circuit Court, E. D. Pennsylvania. June 28, 1905.)

No. 22.

PATENTS—PRIOR USE—LOCKING DEVICE FOR ELEVATORS.

> The Muckle & Teamer patent, No. 555,825, for a locking device for passenger elevators, claims 1 and 2, are void, being so broad as to include a device previously in use by others, and on which that of the patent is an improvement.

In Equity. On final hearing.
See 130 Fed. 151.

Howson & Howson, for complainant.
Horace Pettit, for respondent.

J. B. McPHERSON, District Judge. This suit charges the defendants with infringing the first and second claims of letters patent No. 555,825, which were issued to John S. Muckle and William H. B. Teamer in March, 1896, and are now the property of the complainant. The end sought to be attained is thus stated in the specification:

> "The object of our invention is to prevent accidents on passenger-elevators due to the carelessness of the operator in starting the car while the door is open after the car has passed the floor. This object we attain by positively locking the car on the opening of the door, and locking the door on the movement of the mechanism to start the car."

The claims are as follows:

> "(1) The combination of an elevator-car, the motor controlling mechanism, a movable well-door at the landing, a latch adapted to lock the door in the closed position, with mechanism on the car adapted to release the door from the latch when the mechanism is operated to stop the car so that the door can be opened, and connections on the car between the last-named mechanism and said motor controlling mechanism, substantially as described.
>
> "(2) The combination of an elevator-car, motor controlling mechanism, a sliding door, a latch adapted to engage with the door when closed, a device secured to the wall of the elevator-well, mechanism on the car connected to the motor-controlling mechanism, said mechanism operating to release the door from the latch, and in turn to be locked by the device secured to the wall of the elevator-well so as to prevent the car from moving when the door is opened, the said device being held clear of the mechanism on the car by the door when it is closed, substantially as described."

The case has come into my hands at a time of the year when I cannot possibly give it the detailed discussion to which the careful and elaborate briefs of counsel are an invitation. I must content myself, therefore, with merely deciding the case, in order that there may be ample time for review, if this should be desired, and a final decision, at the next term of the Court of Appeals. In my opinion, the claims sued upon cannot be sustained, in view of the prior use at the Bingham House, in the city of Philadelphia, during a part of the year 1895, of a device that accomplished the same result. The testimony upon this subject seems to me to be clear and satisfactory, meeting the stringent requirements of the law, and I accept it as establishing the defendants' position on this branch of the de-

fense. The patentees knew of this device, and their own invention was an improvement thereon, which is amply protected by the more specific claims of the patent; but the first and second claims are too broad, as I think, and cannot be construed so narrowly as to save them.

A decree may be entered dismissing the bill at the costs of the complainant.